SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**I/M/O the Verified Petition for the Proposed Creation of a PK-12 All-Purpose Regional School District by the Borough of Sea Bright (A-68-24) (090182)**

**Argued October 21, 2025 -- Decided December 8, 2025**

**JUSTICE PATTERSON, writing for a unanimous Court.**

In this appeal, the Court considers whether the Borough of Sea Bright can withdraw from the two school districts currently serving its public school students and join an all-purpose regional school district pursuant to N.J.S.A. 18A:13-47.11(a).

When the Legislature enacted N.J.S.A. 18A:13-47.11(a), Sea Bright was exploring the possibility of withdrawing from the Oceanport School District, with which it had merged for the education of its kindergarten to eighth grade students, and the Shore Regional High School District, where it sent its ninth to twelfth grade students, to join the school districts of the Borough of Highlands and the Borough of Atlantic Highlands as well as Henry Hudson Regional High School in a proposed all-purpose regional school district. Sea Bright adopted a resolution incorporating that proposal in June 2022.

The districts from which Sea Bright seeks to withdraw challenge its eligibility to take that action. The Commissioner of Education found that N.J.S.A. 18A:13-47.11(a) empowers Sea Bright to seek to withdraw from the two school districts. The Appellate Division affirmed that determination. 480 N.J. Super. 270, 275-95 (App. Div. 2024). The Court granted certification. 260 N.J. 565 (2025).

**HELD:** Based on the plain language of the relevant statutes, a municipality in Sea Bright's position is a governing body authorized to pursue withdrawal from a school district to form or enlarge a regional school district pursuant to N.J.S.A. 18A:13-47.11. Accordingly, Sea Bright may seek approval of its proposed withdrawal.

1. In a series of public education reforms, the Legislature sought to promote the regionalization of New Jersey public school districts. The Court reviews those reforms, including the enactment of N.J.S.A. 18A:13-47.11(a), which enables school districts to form or enlarge regional districts. (pp. 3-5)

1

2.  The Court construes N.J.S.A. 18A:13-47.11 in accordance with the Legislature's goal to promote the regionalization of school districts.  By virtue of the 2009 merger of Sea Bright and Oceanport pursuant to N.J.S.A. 18A:8-44, the merged district was "governed by the provisions of chapter 13 of Title 18A of the New Jersey Statutes." N.J.S.A. 18A:8-50.  Nothing in that chapter suggests -- let alone provides -- that a municipality in Sea Bright's position, having merged with another district in accordance with N.J.S.A. 18A:8-44, lacks the authority to seek to withdraw from that district to form or enlarge a regional district.  When the Legislature directed that merged districts be governed by chapter 13, Title 18A, it clearly intended to empower a municipality such as Sea Bright to invoke N.J.S.A. 18A:13-47.11(a)'s withdrawal provision.  (pp. 9-11)

3.  The Court rejects the argument that the Legislature addressed "consolidated" districts but not "merged" districts in N.J.S.A. 18A:13-47.11.  Those terms have similar meanings, and the Department of Education has used the terms "consolidate" and "consolidation" instead of "merger" to describe the process by which Sea Bright and Oceanport combined.  There is no indication in N.J.S.A. 18A:13-47.11 or any other provision of chapter 13 that a school district, once merged into another district, is prohibited from filing a petition to withdraw from the merged district to form or enlarge a regional district.  (pp. 11-13)

4.  The Court makes no determination whether Sea Bright can satisfy the criteria prescribed in N.J.S.A. 18A:13-47.11(a)(2) to (8).  In the event that Sea Bright files a petition in accordance with N.J.S.A. 18A:13-47.11(a), that decision will be made by the Commissioner of Education in consultation with the Director of the Division of Local Government Services, as the statute requires.  (p. 13)

   **AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in JUSTICE PATTERSON's opinion.**

# SUPREME COURT OF NEW JERSEY
## A-68 September Term 2024
### 090182

I/M/O the Verified Petition
for the Proposed
Creation of a PK-12 All-
Purpose Regional School
District by the Borough
of Sea Bright, Borough of
Highlands, Borough of
Atlantic Highlands,
Henry Hudson Regional
School District, Atlantic
Highlands School
District, and Highlands
Borough School District,
Monmouth County.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
480 N.J. Super. 270 (App. Div. 2024).

| Argued | Decided |
|--------|---------|
| October 21, 2025 | December 8, 2025 |

Isabel Machado argued the cause for appellants
Oceanport Board of Education and Shore Regional High
School District Board of Education (Machado Law
Group, and Capehart & Scatchard, attorneys; Isabel
Machado and Christine Magee (Machado Law Group)
and Joseph F. Betley and Geoffrey N. Stark (Capehart &
Scatchard), of counsel and on the joint brief).

Vito A. Gagliardi, Jr. argued the cause for respondent
Borough of Sea Bright (Porzio, Bromberg & Newman,

attorneys; Vito A. Gagliardi, Jr. and Kerri A. Wright, of counsel, and Thomas J. Reilly, on the brief).

Francesco Ferrantelli, Deputy Attorney General, argued the cause for respondent New Jersey Commissioner of Education (Matthew J. Platkin, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel, and Amna T. Toor, Deputy Attorney General, on the brief).

JUSTICE PATTERSON delivered the opinion of the Court.

The Legislature has enacted a complex statutory scheme designed to promote the regionalization of school districts. N.J.S.A. 18A:13-1 to -81. A core provision of that scheme authorizes certain governing bodies and school districts that are part of regional or consolidated school districts to withdraw from those districts in order to form or enlarge regional districts, subject to referendum. L. 2021, c. 402, § 11 (codified at N.J.S.A. 18A:13-47.11).

In this appeal, the Borough of Sea Bright (Sea Bright) seeks to withdraw from the two school districts currently serving its public school students and to join an all-purpose regional school district. The districts from which Sea Bright seeks to withdraw challenge its eligibility to take that action pursuant to N.J.S.A. 18A:13-47.11(a).

The Commissioner of Education (Commissioner) found that N.J.S.A. 18A:13-47.11(a) empowers Sea Bright to seek to withdraw from the two

2

school districts.  The Appellate Division affirmed the Commissioner's determination.  In re Verified Petition for the Proposed Creation of a PK-12 All-Purpose Reg'l Sch. Dist., 480 N.J. Super. 270, 275-95 (App. Div. 2024).

We granted certification and now affirm the Appellate Division's judgment.  Based on the plain language of the relevant statutes, we hold that a municipality in Sea Bright's position is a governing body authorized to pursue withdrawal from a school district to form or enlarge a regional school district pursuant to N.J.S.A. 18A:13-47.11.  Accordingly, Sea Bright may file a petition seeking the Commissioner's approval of its proposed withdrawal.

I.

A.

In a series of public education reforms, the Legislature sought to promote the regionalization of New Jersey public school districts.  See L. 2007, c. 63; L. 2009, c. 78; L. 2021, c. 402.  Provisions of two of those reforms gave rise to this appeal.

First, effective June 30, 2009, the Legislature eliminated non-operating school districts and mandated that non-operating districts in sending-receiving relationships[1] merge into their respective "receiving" districts.  See N.J.S.A.

---

[1] A sending-receiving relationship is "one in which students in the sending school district . . . are educated in schools operated by the receiving school

3

18A:8-44(a) (requiring that, except as provided by statute, executive county superintendents of schools "eliminate any non-operating district and merge that district with the district with which it participates in a sending-receiving relationship"). The Legislature determined that "[u]nless otherwise provided [by law], a new district formed pursuant to [N.J.S.A. 18A:8-44] shall be governed by the provisions of chapter 13 of Title 18A of the New Jersey Statutes." N.J.S.A. 18A:8-50.

Second, effective January 18, 2022, the Legislature amended provisions of chapter 13 of Title 18A and other education laws to promote the regionalization of school districts, with particular focus on creating all-purpose regional school districts to educate public school students at all grade levels. L. 2021, c. 402 (codified at N.J.S.A. 18A:13-47.1 to -47.11).

To enable school districts to form or enlarge regional districts, the Legislature enacted the statute at the center of this appeal. L. 2021, c. 402, § 11(a) (codified at N.J.S.A. 18A:13-47.11(a)). Under that statute,

> [n]otwithstanding any other law, rule, or regulation to the contrary, a board of education of a local school district or of a local school district constituting part of a limited purpose regional district, the board of education or governing body of a non-operating school district, or the governing body of a municipality

district." Edmondson v. Bd. of Educ. of Elmer, 424 N.J. Super. 256, 259 (App. Div. 2012) (citing N.J.S.A. 18A:38-8).

4

> constituting a constituent district of a limited purpose regional district, part of an all purpose regional district, or part of a consolidated school district may, by resolution, withdraw from a limited purpose or all purpose regional district or consolidated school district in order to form or enlarge a limited purpose or all purpose regional district[.]

[N.J.S.A. 18A:13-47.11(a).]

The statute requires a board of education or governing body seeking to withdraw from a school district to obtain the approval of the Commissioner in consultation with the Director of the Division of Local Government Services in the Department of Community Affairs. Id. at (a)(1). The Commissioner's approval is contingent upon the petitioner's satisfaction of seven criteria. Id. at (a)(2) to (8).

B.

Until July 1, 2009, Sea Bright was a non-operating school district that maintained no board of education and managed no public schools. It was in a sending-receiving relationship with the Oceanport School District (Oceanport), which educated its students from kindergarten to eighth grade, and sent its ninth to twelfth grade students to the high school operated by the Shore Regional High School District (Shore Regional).

On July 1, 2009, following the enactment of N.J.S.A. 18A:8-44(a), Sea Bright ceased to be a non-operating school district. Sea Bright merged with

5

Oceanport for the education of its kindergarten to eighth grade students, and Shore Regional continued to educate Sea Bright's students from ninth to twelfth grades.

When the Legislature enacted N.J.S.A. 18A:13-47.11(a) more than a decade later, Sea Bright was exploring the possibility of withdrawing from Oceanport and Shore Regional to join the school districts of the Borough of Highlands (Highlands) and the Borough of Atlantic Highlands (Atlantic Highlands) as well as Henry Hudson Regional High School in a proposed all-purpose regional school district, serving students from pre-kindergarten to twelfth grade. Sea Bright adopted a resolution incorporating that proposal on June 21, 2022.

On July 15, 2022, the municipalities of Highlands, Atlantic Highlands, and Sea Bright and the boards of education of Highlands, Atlantic Highlands, and Henry Hudson Regional High School filed a joint petition for regionalization with the Commissioner. They sought to create, subject to referendum, a regional school district to be known as the Henry Hudson All-Purpose PK-12 Regional School District.

In petitions for appeal that were later consolidated, Oceanport and Shore Regional opposed the July 15, 2022 petition, arguing that Sea Bright lacked legal authority under N.J.S.A. 18A:13-47.11(a) to seek withdrawal.

6

The original petitioners other than Sea Bright filed an amended petition, seeking to proceed with their regionalization proposal without Sea Bright. The Commissioner approved that amended petition, authorizing the petitioners to proceed to a referendum.

Sea Bright and Highlands filed a letter in support of Sea Bright's request to join the proposed Henry Hudson All-Purpose PK-12 Regional School District. The Commissioner deemed the letter to constitute an amended petition. Oceanport and Shore Regional objected, contending that because they were the school districts responsible to educate Sea Bright students, they were the only entities empowered to seek to separate Sea Bright from the districts under N.J.S.A. 18A:13-47.11(a).

In a final agency decision, the Commissioner granted the motion of Oceanport and Shore Regional to dismiss as moot the July 15, 2022 joint petition that included Sea Bright.

The Commissioner agreed, however, with Sea Bright's position that it was entitled to seek withdrawal under N.J.S.A. 18A:13-47.11(a). The Commissioner reasoned that as "the governing body of a municipality constituting a constituent district of a limited purpose regional district, part of an all-purpose regional district, or part of a consolidated school district," Sea

7

Bright was authorized by N.J.S.A. 18A:13-47.11(a) to "request withdrawal to join or form an enlarged regional school district."

The Commissioner concluded that because the petition to form the Henry Hudson All-Purpose PK-12 Regional School District without Sea Bright had been granted, the relief sought by Sea Bright in its amended petition was premature. The Commissioner ruled that if the regional school district were approved by referendum, Sea Bright and the new regional school district could file a joint request to form an expanded regional district that would include Sea Bright.

Oceanport and Shore Regional appealed the Commissioner's final agency decision to the Appellate Division. They argued that a school district formed by merger is distinct from a "consolidated school district" as the Legislature used that term in N.J.S.A. 18A:13-47.11(a) and that the Legislature enacted no provision authorizing the board of education or governing body of a constituent district to seek withdrawal from a district created by merger.

The Appellate Division rejected those arguments. In re Verified Petition, 480 N.J. Super. at 275-95. Invoking the statutory text and legislative history of the 2021 amendments, the appellate court held that a municipality in Sea Bright's position constitutes a school district for purposes of the regionalization statutes. Id. at 289-90 (citing N.J.S.A. 18A:8-1, -44, -47.11;

8

Legis. Fiscal Estimate for S. 3488 (Mar. 24, 2021); Governor's Conditional Veto Statement to Second Reprint of S. 3488 (Nov. 8, 2021)).  The appellate court observed that the words "consolidate" and "merge" are similarly defined and found no evidence that the Legislature intended the term "consolidated school district" to exclude school districts formed by merger.  Id. at 290-91.

Instead, the Appellate Division concluded that "Sea Bright is a governing body of a local school district constituting a constituent district of a limited purpose regional district (Shore Regional) . . . or part of a consolidated school district (Oceanport)" that may withdraw from those districts "in order to form or enlarge a limited purpose or all purpose regional district (Henry Hudson)."  Id. at 291-92.  The appellate court accordingly held that Sea Bright is eligible to seek withdrawal from Oceanport and Shore Regional.  Id. at 295.

We granted the petition for certification filed by Oceanport and Shore Regional.  260 N.J. 565 (2025).

C.

We construe N.J.S.A. 18A:13-47.11 in accordance with the Legislature's goal to promote the regionalization of school districts.  See L. 2021, c. 402 (stating that the enactment concerns "school district regionalization"); Legis. Fiscal Estimate for S. 3488 2 (identifying the purposes of L. 2021, c. 402 to include "measures concerning the creation and enlargement of regional school

districts, the addition of other purposes to certain regional districts, and the withdrawal of certain school districts and governing bodies from regional districts"). We "ascribe to the statutory words their ordinary meaning and significance and read them in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted).

Oceanport and Shore Regional challenge the Appellate Division's determination that Sea Bright is a "governing body of a local school district constituting a constituent district of a limited purpose regional district" or is "part of a consolidated school district." See In re Verified Petition, 480 N.J. Super. at 291-92. They assert two primary arguments regarding the Legislature's intent when it enacted the statutory scheme. We consider them in turn.

First, Oceanport and Shore Regional contend that when Sea Bright merged with Oceanport on July 1, 2009, as N.J.S.A. 18A:8-44 required, Sea Bright ceased to constitute a governing body authorized to act in the absence of a board of education for purposes of the regionalization statutes. They argue that Sea Bright consequently has no authority to independently seek to withdraw from Oceanport or Shore Regional.

We concur with the Appellate Division's rejection of that argument. By virtue of the July 1, 2009 merger of Sea Bright and Oceanport pursuant to N.J.S.A. 18A:8-44, the merged district was "governed by the provisions of chapter 13 of Title 18A of the New Jersey Statutes." N.J.S.A. 18A:8-50. Nothing in that chapter suggests -- let alone provides -- that a municipality in Sea Bright's position, having merged with another district in accordance with N.J.S.A. 18A:8-44, lacks the authority to seek to withdraw from that district to form or enlarge a regional district. See generally N.J.S.A. 18A:13-1 to -81. When the Legislature directed that merged districts be governed by chapter 13, Title 18A, it clearly intended to empower a municipality such as Sea Bright to invoke N.J.S.A. 18A:13-47.11(a)'s withdrawal provision.

Second, Oceanport and Shore Regional maintain that because Sea Bright joined Oceanport by way of "merger" rather than "consolidation," and the term "merger" does not appear in N.J.S.A. 18A:13-47.11(a), Sea Bright is ineligible to seek withdrawal under that provision. Oceanport and Shore Regional view the terms "merger" and "consolidation" to denote different methods of combining districts, and they argue that the Legislature addressed "consolidated" districts but not "merged" districts in N.J.S.A. 18A:13-47.11.

Like the Appellate Division, we are unpersuaded by that argument. See In re Verified Petition, 480 N.J. Super. at 290-91. We concur with the

11

Appellate Division that the terms "merge" and "consolidate" have similar meanings. See ibid. (citing Merriam-Webster's Collegiate Dictionary 266, 777 (11th ed. 2012)). Indeed, in a regulation addressing executive county superintendents of schools' proposals to eliminate non-operating school districts and merge them into other districts, the Department of Education used the terms "consolidate" and "consolidation" instead of "merger" to describe the process by which Sea Bright and Oceanport combined. N.J.A.C. 6A:23A-2.4(a)(1), (6); see also 41 N.J. Reg. 4721(a) cmt. 42 (Dec. 21, 2009) (noting that a commenter had asked "why the proposed regulation removes 'regional' and replaces it with the term 'new' in several parts of N.J.A.C. 6A:23A-2.4" and had questioned "the use of the term 'consolidated' in the section," and responding that "[t]he Department believes the terms proposed are the most appropriate terms for the section on eliminating districts that are not operating schools").[2]

_____

[2] We recognize that the Legislature prescribed apportionment as the method of determining board of education membership for school districts comprised of "several consolidating school districts" under N.J.S.A. 18A:8-29, but determined that board members are "elected at large by the voters of the new district" when a district is formed by the merger of non-operating districts into new districts pursuant to N.J.S.A. 18A:8-47(a). We agree with the Appellate Division, however, that the divergent statutory provisions for electing board members in "consolidating" and "merged" districts do not indicate legislative intent that merged school districts be excluded from N.J.S.A. 18A:13-47.11(a), given the Legislature's express direction that the provisions of Title 18A,

12

There is no indication in N.J.S.A. 18A:13-47.11 or any other provision of chapter 13 that a school district, once merged into another district under N.J.S.A. 18A:8-44, is prohibited from filing a petition to withdraw from the merged district to form or enlarge a regional district. Had the Legislature intended to constrain its regionalization scheme as Oceanport and Shore Regional claim that it did, it would have done so in plain terms.

We therefore concur with the Appellate Division's decision that Sea Bright is authorized by N.J.S.A. 18A:13-47.11 to seek to withdraw from Oceanport and Shore Regional in order to enlarge the Henry Hudson All-Purpose PK-12 Regional School District. We make no determination whether Sea Bright can satisfy the criteria prescribed in N.J.S.A. 18A:13-47.11(a)(2) to (8). In the event that Sea Bright files a petition in accordance with N.J.S.A. 18A:13-47.11(a), that decision will be made by the Commissioner in consultation with the Director of the Division of Local Government Services, as the statute requires.

## II.

The judgment of the Appellate Division is affirmed.

CHIEF JUSTICE RABNER and JUSTICES PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in JUSTICE PATTERSON's opinion.

---

chapter 13, govern districts created pursuant to N.J.S.A. 18A:8-44. See N.J.S.A. 18A:13-50; In re Verified Petition, 480 N.J. Super. at 292-93.

13